UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FRANK PASTURA,

    Plaintiff,

vs.

CVS CAREMARK,

    Defendant.

Case No. 1:11-cv-400

Spiegel, J.
Litkovitz, M.J.

**ORDER**

    This matter is before the Court pursuant to an informal telephone discovery conference held May 22, 2012 before the undersigned magistrate judge. The parties sought Court intervention to resolve the following issues: (1) whether statements made by plaintiff in the presence of his sister, a non-party, during an initial consultation with his future attorney are protected by the attorney-client privilege; (2) whether, if plaintiff waived his right to assert the attorney-client privilege regarding that initial consultation, the waiver extends to all future attorney-client communications regarding the same subject matter; and (3) whether conversations between plaintiff and his counsel during deposition breaks are proper and/or privileged. Having considered the arguments and authority presented by plaintiff and defendant and for the reasons stated during the telephonic conference, the Court finds as follows:

    It is undisputed that plaintiff met with Randolph H. Freking, Esq., for an initial consultation regarding the instant lawsuit. Plaintiff's sister was present during the entirety of this consultation. During plaintiff's deposition, counsel for defendant asked plaintiff questions regarding the substance of his conversation with Mr. Freking. Plaintiff's counsel objected, asserting that the conversation was protected by the attorney-client privilege and instructed

plaintiff not to respond. Defendant asserts that plaintiff waived the privilege by having his sister present during the conversation and, consequently, defendant is entitled to discover the substance of the conversation.

The Sixth Circuit has held that the following criteria must be satisfied in order to hold that a communication is protected under the attorney-client privilege:

> (1) Where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) *made in confidence* (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) unless the protection is waived.

*Reed v. Baxter*, 134 F.3d 351, 355-56 (6th Cir. 1998) (citing *Fausek v. White*, 965 F.2d 126, 129 (6th Cir. 1992)) (emphasis added). Thus, in order for the privilege to attach to a communication it must have been made in confidence. Here, plaintiff's communication with Mr. Freking at the initial consultation is not protected by the attorney-client privilege because the communication was not "made in confidence" by virtue of the presence of plaintiff's sister during the conference. *Id.* at 358 (where discussion with attorney is held in presence of third parties it is "not held in confidence for the purposes of the attorney-client privilege.") (citing 8 John Henry Wigmore, *Wigmore on Evidence* § 2311 (3d ed. 1940)) ("One of the circumstances [ ] by which it is commonly apparent that the communication is not confidential is the presence of a third person . . . ."). Contrary to defendant's argument, the privilege was not "waived" because the privilege never attached in the first instance. Consequently, because the statements are not protected by the attorney-client privilege, defendant may seek discovery regarding the substance of the conversation between plaintiff and Mr. Freking at the initial consultation.

Defendant further asserts that plaintiff waived his attorney-client privilege with respect to all subsequent conversations with his attorneys on the same subject matter as was discussed

during the initial consultation. As stated above, however, no attorney-client privileged attached to plaintiff's initial conversation with Mr. Freking due to the presence of a third person, namely plaintiff's sister. Plaintiff cannot waive a privilege that does not exist. Accordingly, the Court finds that plaintiff's subsequent conversations with his attorneys are protected by the attorney-client privilege and are not discoverable.

Lastly, defendant contends that plaintiff engaged in improper conversations with his attorney during breaks at plaintiff's deposition and seeks to discover the substance of these discussions. The parties have related substantially similar versions of the facts relating to plaintiff's deposition: during a deposition break and after plaintiff testified that his sister was present during the initial consultation with Mr. Freking, plaintiff's attorney had a conversation with plaintiff to determine if plaintiff's conversation with Mr. Freking was covered by the attorney-client privilege. Upon resuming the deposition and in response to defense counsel's questioning, plaintiff testified that during the break he had discussed the substance of his testimony with his attorney.

Defendant claims that plaintiff's conversation during the break was improper and is subject to discovery, relying on *Morales v. Zondo, Inc.*, 204 F.R.D. 50, 54-58 (S.D.N.Y. 2001). Notably, *Morales* held that "in general, a deponent and the deponent's attorney have no right to confer during a deposition, *except for the purpose of determining whether a privilege shall be asserted.*" *Id.* (emphasis added). *See also U.S. v. Phillip Morris Inc.*, 212 F.R.D. 418, 420 (D.D.C. 2002) (deponent may consult with his attorney during a deposition to determine whether to assert a privilege); *BNSF Ry. Co. v. San Joaquin Valley R. Co.*, No. 1:08-cv-1086, 2009 WL 3872043, at *3 (E.D. Cal. Nov. 17, 2009) (same). Here, plaintiff's counsel, Katherine Neff, Esq., has represented that the purpose of her conversation with plaintiff during the deposition

3

break was to determine whether to assert the attorney-client privilege in response to defense counsel's questions. This is an appropriate basis upon which an attorney may consult with her client. *See Id.* As to the subsequent break in the deposition, in light of counsel's representation and in the absence of any contradicting evidence from defendant that the conversation was improper, the Court finds that plaintiff's conversations with his attorney during the deposition breaks are protected by the attorney-client privilege and are not subject to discovery.

In conclusion, defendant may seek discovery regarding the substance of the conversation between plaintiff and Mr. Freking during the initial consultation but further conversations between plaintiff and his attorneys are protected by the attorney-client privilege and, consequently, are not discoverable.[1]

**IT IS SO ORDERED.**

Date: 5/23/12

Karen L. Litkovitz
United States Magistrate Judge

---

[1] The party's discovery letters to the Court are attached hereto for reference.

4



Randolph H. Freking***
Sheila M. Smith
Carrie Atkins Barron**
Kelly Mulloy Myers*
George M. Reul, Jr.
Mark W. Napier*
Charles T. McGinnis, III
Jon B. Allison

Freking & Betz, LLC
525 Vine Street
Sixth Floor
Cincinnati, Ohio 45202

Telephone: 513-721-1975
Facsimile: 513-651-2570

www.frekingandbetz.com

Ann Koize Wittenauer
Tod J. Thompson
Elizabeth S. Loring
Katherine Daughtrey Neff

Of Counsel:
Brian P. Gillan

*Admitted in Kentucky and Ohio
**Admitted in Indiana, Illinois and Ohio
***Admitted in Colorado, Kentucky and Ohio

kneff@frekingandbetz.com

May 18, 2012

**VIA E-MAIL**
*litkovitz_chambers@ohsd.uscourts.gov*

Magistrate Judge Karen L. Litkovitz
Potter Stewart U.S. Courthouse, Room 716
100 East Fifth Street
Cincinnati, OH 45202

      RE:    Pastura v. CVS Caremark
                Case No. 1:11cv400

Dear Judge Litkovitz:

      The purpose of this correspondence is to provide the Court with Plaintiff's position in preparation for the May 22, 2012 continued discovery conference with the Court.

      During Plaintiff's deposition, Defendant asked Plaintiff whether anyone was present during his conversations with counsel. Plaintiff testified that his only sister attended his initial consultation with Randolph H. Freking, Esq., as his wife could not attend. Defense counsel did not inquire whether Mr. Freking gave Plaintiff any legal advice during the initial consultation. Moreover, Plaintiff testified that he did not retain Freking & Betz, LLC at the time of his consultation. Defense counsel did not ask whether Plaintiff received a copy of the representation agreement during his initial consultation.

      Defendant requested that Plaintiff detail his conversation with Mr. Freking. Plaintiff's counsel objected asserting attorney-client privilege and instructed Plaintiff not to answer the question.

## FREKING & BETZ

Magistrate Judge Karen L. Litkovitz
May 18, 2012
Page 2

During a break, Plaintiff and his counsel discussed the communications made during Plaintiff's initial consultation so counsel could determine whether the communication was protected by attorney-client privilege. Plaintiff's counsel then asked Defense counsel for an agreement that if Plaintiff disclosed what he could remember from his initial consultation with Mr. Freking, Defendant would not assert that Plaintiff had waived his right to assert attorney-client privilege for any further communications simply because he testified about his consultation. Defense counsel would not agree.

During the May 15, 2012 conference with the Court, Defendant asserted that Plaintiff waived his right to attorney-client privilege for all communications with counsel because his sister attended the initial consultation prior to Plaintiff retaining counsel. Defendant did not cite to any authority in support of its assertion. Defendant's assertion that Plaintiff waived his privilege with respect to all future communication with counsel must be rejected.

Should the Court determine that attorney-client privilege applied to Plaintiff's initial consultation and that Plaintiff waived his privilege because his sister attended the consultation, the Court must apply a narrow, rather than expansive standard in determining the scope of the waiver. *See Cline v. Reliance Trust Co.* 2005 U.S. Dist. LEXIS 26066, *12 (N.D. Ohio Oct. 31, 2005). Additionally, courts should be guided by fairness concerns to determine whether the opposing party would be prejudiced should the waiver not be broadened. *See id.; see also In re Grand Jury Proceedings* October 12, 1995, 78 F.3d 251, 255-256 (6th Cir. Ohio 1996) (allowing party to question the witness regarding only those matters that clearly pertain to the subject matter of the specific points on which a waiver occurred.); *In re Von Bulow*, 828 F.2d 94, 102 (2d Cir. N.Y. 1987) (finding an abuse of discretion for trial court to broaden the waiver of privilege to include information not disclosed during the extrajudicial disclosure of an attorney-client communication); *In re Sealed Case*, 278 U.S. App. D.C. 188, 877 F.2d 976, 981 (D.C. Cir. 1989) (remanding district court decision finding company waived privilege on six documents by inadvertently disclosing one of the documents, because lower court "did not fully explain why the communications were related"); *United States v. (Under Seal)*, 748 F.2d 871, 875 n.7 (4th Cir. 1984) ("If any of the non-privileged documents contain client communications not directly related to the published data, those communications, if otherwise privileged, must be removed by the reviewing court before the document may be produced."); *United States v. Cote*, 456 F.2d 142, 145 n.4 (8th Cir. 1972) (requiring *in camera* review of documents to protect information not already published, for "too broad an application of the rule of waiver requiring unlimited disclosure . . . might tend to destroy the salutary purpose of the privilege"); *Weil v. Investment/Indicators, Research & Management, Inc.*, 647 F.2d 18, 25 (9th Cir. 1981) (finding waiver "only as to communications about the matter actually disclosed"); *Schenet v. Anderson*, 678 F. Supp. 1280, 1284 (E.D. Mich. 1988) ("The privilege is waived only as to those portions of the preliminary drafts ultimately revealed to third parties.").

## FREKING & BETZ

Magistrate Judge Karen L. Litkovitz
May 18, 2012
Page 3

Should the Court determine that Plaintiff waived his attorney-client privilege, Plaintiff requests that the Court conduct an *in camera* review with Plaintiff to determine the scope of the waiver.

Defendant claims Plaintiff does not have a right to counsel during his deposition, thus, Defendant is entitled to discover the confidential communications between Plaintiff and his counsel during deposition breaks. Defendant's assertion is unsupported by case law.

Neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence prohibit an attorney from communicating with her client during a break in deposition. Moreover, many courts have rejected requests for the same information Defendant seeks. *See Ecker v. Wis. Cent., Ltd*, 2008 U.S. Dist. LEXIS 121200, *7-8 (E.D. Wis. Apr. 16, 2008) (concluding that "the mere fact that counsel for the defendant privately conferred with the witness during a break after the plaintiff completed his examination does not warrant sanctions."); *McKinley Infuser v. Zdeb*, 200 F.R.D. 648, 650 (D. Colo. 2001) ("the truth finding function is adequately protected if deponents are prohibited from conferring with their counsel while a question is pending; other consultations, during periodic deposition breaks, luncheon and overnight recesses, and more prolonged recesses ordinarily are appropriate."); *State of West Virginia Ex Rel. Christina Means v. Hon. Charles E. King*, 205 W. Va. 708, 715, 520 S.E.2d 875 (W. Va. 1999) (finding that an attorney should be permitted to confer with his client during the course of a discovery deposition); *In re Stratosphere Corporation Securities Litigation*, 182 F.R.D. 614, 620 (D. Nev. 1998) ("To deny a client any right to confer with his or her counsel about anything, once the client has been sworn to testify, and further to subject a person to unfettered inquiry into anything which may have been discussed with the client's attorney, all in the name of compliance to the rules, is a position this Court declines to take."); *The Haskell Co. v. Georgia Pacific Corp.*, 684 So. 2d 297, 298, 1996 Fla. App. LEXIS 12912 (Fl. App. Dec. 13, 1996) ("there is no recognized exception to the privilege for a communication between an attorney and client which occurs during a break in deposition").

Finally, Defendant's accusations of impropriety are unsupported by the record in this case. During the May 15, 2012 discovery conference, Defense counsel accused Plaintiff's counsel of acting improperly. In support of his allegation to the Court that Plaintiff's counsel acted improperly, Defense counsel solely relied on Plaintiff's affirmative responses to Defendant's vague questions about whether Plaintiff discussed anything "substantive" with counsel during a break. Despite Plaintiff's counsel's representation that during the initial break she discussed Plaintiff's consultation with Mr. Freking to determine whether the communication was privileged, Defense counsel continued to claim that he was entitled to discover the confidential communication and represented to this Court that that communication during the break was discoverable.

# FREKING & BETZ

Magistrate Judge Karen L. Litkovitz
May 18, 2012
Page 4

      With respect to the second break, which Plaintiff's counsel requested so that both Defense counsel and Plaintiff could calm down following a lengthy, heated exchange, Defendant has not asserted that Plaintiff's testimony was influenced by counsel. In fact, Plaintiff did not alter his testimony following the break. Morever Defendant did not ask Plaintiff whether his discussion with counsel influenced his testimony. Thus, Defendant cannot provide any evidence in support of its assertion that Plaintiff's counsel acted improperly.

      We look forward to discussing these matters further during the informal discovery conference with the Court on August 23, 2010.

      Sincerely,

      Katherine Daughtrey Neff

/KDN
cc:    Randolph H. Freking, Esq.
        Robert F. Seidler, Esq. (via email)



**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**

*Attorneys at Law*

111 Monument Circle, Suite 4600
Indianapolis, IN 46204
Telephone: 317.916.1300
Facsimile: 317.916.9076
www.ogletreedeakins.com

Robert F. Seidler
Indianapolis Office
317.916.2115
robert.seidler@ogletreedeakins.com

May 21, 2012

**VIA ELECTRONIC MAIL**
Magistrate Judge Karen L. Litkovitz
United States District Court
Southern District of Ohio, Western Division
Potter Stewart U.S. Courthouse, Room 716
100 East Fifth Street
Cincinnati, OH 45202

      RE:    Frank Pastura v. CVS Caremark
             Cause No.: 1:11-CV-0400-SAS-KLL
             Our File No.: 335700.000162

Dear Magistrate Judge Litkovitz:

      Defendant, CVS Caremark Corporation ("Defendant"), by counsel, respectfully requests that the Court compel Plaintiff, Frank Pastura ("Pastura"), to answer deposition questions, based on his improper refusal to provide answers not protected by privilege. Defendant seeks to reconvene Plaintiff's deposition at the expense of Plaintiff and/or his counsel.

**A.    Pastura Waived The Attorney-Client Privilege As To All Communications With Counsel In The Presence Of A Third Party.**

      Pastura testified in his May 15, 2012 deposition that when he initially met with his counsel, Randall Freking, for thirty to forty-five minutes, he was accompanied by his sister, who was present for the entire meeting. When questioned by undersigned counsel regarding the substance of the conversations during this meeting, Plaintiff's counsel objected on the grounds of attorney-client privilege and instructed Plaintiff not to answer. Contrary to Plaintiff's assertion, the attorney-client privilege does not shield from disclosure conversations between a client and his attorney in the presence of a third party. Plaintiff's objection is improper and the substance of the conversations between Plaintiff and his counsel during their initial consultation is discoverable.

Atlanta ▪ Austin ▪ Birmingham ▪ Bloomfield Hills ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Greensboro
Greenville ▪ Houston ▪ Indianapolis ▪ Lynch ▪ Kansas City ▪ Las Vegas ▪ Los Angeles ▪ Memphis ▪ Miami ▪ Minneapolis ▪ Morristown ▪ Nashville ▪ New Orleans
Orange County ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland ▪ Raleigh ▪ St. Louis ▪ St. Thomas ▪ San Antonio ▪ San Francisco ▪ Tampa ▪ Torrance ▪ Tucson ▪ Washington

Magistrate Judge Karen L. Litkovitz
May 21, 2012
Page 2



In cases where a plaintiff has alleged a federal question, as Plaintiff has here under the Age Discrimination in Employment Act, the question of whether the attorney-client privilege applies is determined by federal common law. The elements of the attorney-client privilege are as follows: (1) where legal advice of any kind is sought; (2) from a professional legal adviser in his capacity as such; (3) the communications relating to that purpose; (4) made in confidence; (5) by the client; (6) are at his instance permanently protected; (7) from disclosure by himself or by the legal adviser; (8) unless the protection is waived. *Fausek v. White*, 965 F.2d 126, 129 (6th Cir. 1992). The essence of the privilege is limited to communications that are confidential in nature, and confidentiality is inconsistent with the presence of a third party:

> It is clear that the attorney-client privilege will not shield from disclosure statements made by a client to his or her attorney in the presence of a third party.

*Reed v. Baxter*, 134 F.3d 351, 356-7 (6th Cir. 1998), *citing* 8 John Henry Wigmore, Wigmore on Evidence § 2311 (3d ed. 1940); *See also* 8 Wigmore § 2311 ("One of the circumstances[ ] by which it is commonly apparent that the communication is not confidential is the presence of a third person....")

Pastura's conversations with his counsel in the presence of his sister contradicted the confidential nature of any such communications and waived the attorney-client privilege. *See United States v. Stewart*, 287 F.Supp.2d 461, 464, 466 (S.D.N.Y.2003) (finding waiver of privilege when defendant sent "clearly protected" material to "a nonlawyer family member whose interest in the case can only be described as personal"); *Cafritz v. Koslow*, 167 F.2d 749, 751-52 (D.C. Cir. 1948) (presence of party's sister during communications with client rendered conversations unobjectionable on grounds of attorney-client privilege); *von Bulow v. von Bulow*, 811 F.2d 136, 146-47 (2nd Cir. 1987) (presence of a close friend waived privileged); *In the Matter of Guardianship of Walling*, 727 P.2d 586, 592 (Okla. 1986) (presence of grandmother waived privileged); *State v. Shire*, 850 S.W.2d 923, 931 (Mo. Ct. App. 1993) ("The presence of a third person ..., such as a relative or friend, who is not essential to the transmission of information or whose presence is not reasonably necessary for the protection of the client's interest, will vitiate the privilege;" daughter's presence waived privilege).[1]

Pastura waived the attorney-client privilege as to any conversations with counsel in the presence of his sister and should be compelled to answer Defendant's deposition questions regarding the substance of these communications.

---

[1] Indeed, Plaintiff's counsel is apparently in agreement that Plaintiff has at least partially waived the attorney-client privilege. At Plaintiff's deposition, she offered to permit Plaintiff to testify regarding his conversations with his attorney in the presence of his sister so long as Defendant would stipulate that it would not argue Plaintiff had waived the privilege as to subsequent conversations/communications. As Plaintiff's deposition was not complete, the undersigned was unaware of the circumstances of any other conversations, and because it appeared to the undersigned that Plaintiff may have waived privilege as to the subject matter of his conversations with his counsel in the presence of a third party, Defendant declined.



**B.     Pastura's Waiver Of The Attorney Client Privilege Extends To The Subject Matter Of All Subsequent Communications Between Pastura And Counsel.**

As discussed in detail above, the presence of Plaintiff's sister during conferences between Pastura and his counsel waived the attorney-client privilege for all communications during those conferences. What is more, Pastura has further waived the attorney-client privilege as to all subsequent communications between himself and his counsel on the same subject matter.

It is well-established that when a party waives privileged communications, that party waives the privilege as to all communications on the same subject matter. *In re Grand Jury Proceedings*, 78 F.3d 251, 255 (6th Cir. 1996); *U.S. v. Skeddle*, 989 F.Supp. 905, 908 (N.D. Ohio 1997) ("as a general rule, waiver of the privilege with regard to some communications waives the privilege as to all other communications relating to the same subject matter.")

Accordingly, because Plaintiff's communications with his counsel regarding his case and representation of his attorney are not protected by privilege, as set forth above, Defendant seeks a ruling that Plaintiff's waiver of the attorney-client privilege extends to all subsequent communications with counsel on the same subject matter.

**C.     Pastura's Conversations With Counsel During Breaks In His Deposition Regarding The Substance Of His Testimony Were Improper and Not Privileged.**

Pastura also testified in his May 15, 2012 deposition that during deposition breaks he had discussed the substance of his testimony with his counsel. Plaintiff objected to undersigned counsel's questions regarding these conversations as attorney-client privileged. Plaintiff's conversations with counsel were not only not unprotected by privilege and subject to discovery, but improper.

"[I]n general, a deponent and the deponent's attorney have no right to confer during a deposition, except for the purpose of determining whether a privilege shall be asserted." *Morales v. Zondo, Inc.*, 204 F.R.D. 50, 54-58 (S.D.N.Y. 2001) (citing 7 *Moore's Federal Practice* p. 30.42[2] (3d ed. 1997)). Here, Pastura and his counsel's discussions regarding the substance of his testimony during deposition breaks is prohibited and subject to discovery. *See Hall v. Clifton Precision*, 150 F.R.D. 525, 531 (E.D. Pa. 1993) (holding that conferences between witnesses and counsel are prohibited both during the deposition and during recesses); *Chapsky v. Baxter V. Mueller Div., Baxter Healthcare Corp.*, 1994 U.S. Dist. LEXIS 9099, *4 (N.D. Ill. 1994) ("private conferences during a deposition between a deponent and his or her attorney for any purpose other than to decide whether to assert a privilege are not permitted"); *Armstrong v. Hussmann Corp.*, 163 F.R.D. 299, 303 (E.D. Mo. 1995) (same).

Wherefore, Defendant, CVS Caremark Corporation, by counsel, respectfully requests the Court to compel the testimony of Plaintiff, as described above, as improperly objected to on the grounds of attorney-client privilege in his May 15, 2012 deposition. Defendant further seeks to reconvene Plaintiff's deposition at the expense of Plaintiff and/or his counsel, for attorneys' fees, costs, and all further relief this Court deems proper.

Magistrate Judge Karen L. Litkovitz
May 21, 2012
Page 4



Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK
& STEWART

By: _____
Robert F. Seidler, Atty. No. 0074178
111 Monument Circle, Suite 4600
Indianapolis, IN 46204
Telephone: 317.916.1300
Facsimile: 317.916.9076
robert.seidler@ogletreedeakins.com

Attorney for Defendant

RFS/ady
cc: Katherine Daughtrey Neff, Esq. (via electronic mail)
     Randolph H. Freking, Esq. (via electronic mail)

12408332.1 (OGLETREE)