**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

FRANK PASTURA,  Case No.: 1:11-cv-400

    Plaintiff,  Weber, J.
                                                          Bowman, M.J.
vs.

CVS CAREMARK,

    Defendants.

**ORDER**

This matter is before the Court pursuant to an informal telephone discovery conference held July 3, 2012 before the undersigned Magistrate Judge. The parties sought intervention from the Court to resolve discovery disputes involving issues relating to: (1) the invocation of attorney-client privilege at the deposition of a former employee of Defendant (2) and the scope of disclosure of information that falls under the Patient Safety and Quality Improvement Act (PSQIA). Having considered the arguments of the parties, the Court finds as follows:

On June 27, 2012, Mr. Masci, a former manager for Defendant CVS, appeared for his deposition in this matter. During the deposition, Plaintiff's counsel asked Mr. Masci whether Defendant's counsel was his "personal attorney." Mr Masci stated "no," and further indicated that he did not retain Defendant's counsel to represent him. The parties took a break from the deposition. After questioning resumed, Mr. Masci testified that he was in fact represented by Defendnat's counsel for purposes of his deposition. Thereafter, Plaintiff's counsel asked Mr. Masci questions about his discussions with Defendant's counsel prior to his deposition. Counsel for Defendant objected to that line of questioning on the basis of attorney-client privilege. Plaintiff asserts that the attorney-client privilege does not apply to such questioning of Mr. Masci because he initially testified that he was

not represented by counsel.

In advance of the informal discovery conference, counsel for Defendant submitted the affidavit of Mr. Masci wherein he attests that Defendant's counsel had offered to represent him, at the cost of CVS, for purposes of his deposition on June 26, 2012. (Attached hereto as Ex. A). Defendant's counsel indicated that if Mr. Masci chose to have him represent him, the attorney client privilege would prevent others from inquiring into their conversations. (Ex. A). When Plaintiff's counsel asked Mr. Masci if Defendant's counsel was his "personal attorney," Mr. Masci answered "no" because he understood personal attorney to mean an attorney I generally consult from time to time on personal matters. *Id.* For the reasons explained herein, I find that the predeposition discussions between Mr. Masci and Defendant's counsel are protected by the attorney-client privilege.

In determining the existence of attorney-client relationship, Ohio courts look at "whether the putative client reasonably believed that the relationship existed and that the attorney would therefore advance the interests of the putative client." *Henry Filters, Inc. v. Peabody Barnes, Inc.,* 82 Ohio App.3d 255, 261, 611 N.E.2d 873, 876 (1992). An attorney-client relationship includes the representation of a client in court proceedings, advice to a client, and any action on a client's behalf that is connected with the law." *Hamrick v. Union Tp., Ohio,* 79 F.Supp.2d 871, 875 (S.D. Ohio 1999 ) (citing *Landis v. Hunt,* 80 Ohio App.3d 662, 610 N.E.2d 554, 558–59 (Ohio App. 10th Dist.1992)).

Furthermore, the Sixth Circuit has held that the following criteria must be satisfied in order to hold that a communication is protected under the attorney-client privilege:

> (1) Where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) unless the protection is waived.

*Reed v. Baxter*, 134 F.3d 351, 355-56 (6th Cir. 1998) (citing *Fausek v. White*, 965 F.2d 126, 129 (6th Cir. 1992)) .

Additionally, in *Upjohn Co. v. United States*, 449 U.S. 383,1981, the Supreme Court held that a corporation's attorneys' conversations with corporate employees could be covered by the attorney-client privilege.  This privilege was found applicable by the Supreme Court to communications which: 1) were made to the corporate counsel, acting as such; 2) were made at the direction of corporate superiors, for the purpose of securing legal advice from counsel; 3) concerned matters within the scope of the employees' corporate duties; and 4) the employees were sufficiently aware that they were being questioned in order that the corporation could obtain legal advice. *Id.* at 394.

Several federal courts have determined that *Upjohn's* rationale applies to former employees.  *See In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust*, 658 F.2d 1355, 1361 n. 7 (9th Cir.1981)(attorney-client privilege covers communications with former employees because "former employees, as well as current employees, may possess the relevant information needed by corporate counsel to advise the client with respect to actual or potential difficulties")*; Favala v. Cumberland Eng'g Co.,* 17 F.3d 987, 990 (7th Cir. 1994) (former employee could not be prevented from testifying but could not testify about communications with the company's attorney*); Better Government Bureau, Inc. v. McGraw*, 106 F.3d 582, 606 (4th Cir.1997) (finding that privilege precluded inquiry into interview conducted by investigatory attorney with former employee of agency).  *See also Amarin Plastics, Inc. v. Maryland Cup Corp.*, 116 F.R.D. 36 (D. Mass.1987) (communications between a former employee and a corporate party's counsel may be privileged, when the purpose of the communications was to give the former employer legal advice); *In re Flonase Antitrust Litig.*, 723 F. Supp. 2d 761, 765 (E.D. Pa. 2010) (Because

Bowers' testimony concerned matters within the scope of her former responsibilities with defendant corporation and because her conversations with defense counsel may be relevant to defendant's legal strategy, her communications with defense counsel fall within the attorney-client privilege).

The undersigned also recognizes that Courts have declined to extend the privilege to unrepresented former employees and/or limited the scope of the privilege to information obtained during the course of employment. *See Peralta v. Cendant Corp.*, 190 F.R.D. 38, 41-42 (D. Conn. 1999) (holding that communications between corporate counsel and a former employee about facts within scope of employee's former job would be protected from discovery but that communications about post-employment matters, including the litigation itself, would not be privileged); *Wade Williams Distribution, Inc. v. American Broadcasting Companies, Inc.*, 2004 WL 1487702 (S.D. N.Y. 2004) (following the approach used in *Peralta*); *Weber v. FUJIFILM Med. Sys., U.S.A.*, 3:10 CV 401 2011 WL 3163597 (D. Conn. July 27, 2011) (Virtually all courts hold that communications between company counsel and former company employees are privileged if they concern information obtained during the course of employment); *U.S. ex rel. Hunt v. Merck-Medco Managed Care, LLC*, 340 F. Supp. 2d 554 (E.D. Pa. 2004) (communications between former employee and counsel for corporation in preparation for former employee's deposition not protected by the attorney-client privilege); *Infosystems, Inc. v. Ceridian Corp.*, 197 F.R.D. 303, 304-06 (E.D. Mich. 2000) (counsel's communications with a former employee of the client corporation generally should be treated no differently from communications with any other third-party fact witnesses); *City of New York v. Coastal Oil New York, Inc.,* 2000 WL 145748 (S.D. N.Y. 2000) (permitting counsel to examine opposing party's former employee

about communications with party's counsel in preparation for former employee's deposition).

In the present case, however, the undersigned finds that Mr. Masci and Defendant's counsel entered into a representation agreement thereby establishing an attorney-client relationship for purposes of Mr. Masci's deposition. (*See* Ex. A).  Thus, based on the facts and evidence currently before the Court, Defendant's counsel properly invoked the attorney client privilege and the pre-deposition discussions between Defendant's counsel Mr. Masci are protected by the attorney client privilege.

**IT IS SO ORDERED.**

    */s Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge